# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D18-1434
_____

DEPARTMENT OF BUSINESS AND
PROFESSIONAL REGULATION,
DIVISION OF PARI-MUTUEL
WAGERING,

    Appellant,

    v.

THE FLORIDA HORSEMEN'S
BENEVOLENT & PROTECTIVE
ASSOCIATION, INC., a Florida
nonprofit corporation,

    Appellee.

_____

On appeal from a Partial Final Order of the Division of
Administrative Hearings.
Lisa Shearer Nelson, Administrative Law Judge.

March 7, 2019


PER CURIAM.

The Department of Business and Professional Regulation, Division of Pari-Mutual Wagering (the "Division") appeals an order from the Division of Administrative Hearings, finding Rule 61D-6.011, Florida Administrative Code (2016), was an invalid exercise of delegated legislative authority. We agree with both parties that the language of the relevant statutory provision,

section 550.2415(7), Florida Statutes (2015), is clear and unambiguous. *See Fla. Hosp. v. Agency for Health Care Admin.*, 823 So. 2d 844, 848 (Fla. 1st DCA 2002) (holding that if the language of a statute "is clear and unambiguous and conveys a clear and definite meaning, the statute should be given its plain meaning"). The provision provides that "[t]he division rules must include a classification system for drugs and substances and a corresponding penalty schedule for violations which incorporates the Uniform Classification Guidelines for Foreign Substances, Version 8.0, revised December 2014, by the Association of Racing Commissioners International, Inc." § 550.2415(7)(c), Fla. Stat. The parties agree that the referenced document includes a penalty schedule, and we reject the Division's argument that the statutory provision directs the Division to incorporate only the drug-classification portion of that document, rather than—as the statute says—a classification system "and a corresponding penalty schedule for violations which incorporates" that document. Because the Division adopted its own penalty schedule, it exceeded its delegated legislative authority.[*]

AFFIRMED.

LEWIS, WINSOR, and M.K. THOMAS, JJ., concur.

--------------------------------

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

--------------------------------

[*] We agree with the parties that although the rule has been revised and now includes the required penalty schedule, the issue is not moot because disciplinary actions are pending below based on violation of the invalid rule. *See, e.g., Dep't of Health v. Shands Jacksonville Medical Ctr. Inc.*, 259 So. 3d 247, 251 (Fla. 1st DCA 2018) (noting a matter is not considered moot where "collateral legal consequences flow from the issues to be resolved that may affect the rights of a party").

Ross Marshman, Chief Appellate Counsel for the Department of Business & Professional Regulation, Tallahassee, for Appellant.

Bradford J. Beilly and John Strohsahl of Beilly & Strohsahl, P.A., Fort Lauderdale, for Appellee.